127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Antonio GARCIA, Janett Eugenia Vallejos, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70200.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Antonio Garcia and Janett Eugenia Vallejos, natives and citizens of Nicaragua, petition pro se for review of a Board of Immigration Appeals ("BIA") order affirming an immigration judge's denial of their applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review the denial of asylum for an abuse of discretion. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review the BIA's factual findings for substantial evidence. See id. We will uphold the decision unless the evidence compels a contrary result. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 4
 Petitioners contend the BIA erred by finding that, even if Garcia established past persecution on account of political opinion based on his two-month detention by the Sandinistas in 1988 for demonstrating against the Sandinista government and assisting the Contras, the INS successfully rebutted the presumption that Garcia has a well-founded fear of future persecution. This contention lacks merit.
 
 
 5
 Once an applicant establishes past persecution, the applicant enjoys a presumption that he or she also has a well-founded fear of future persecution. See Singh v. Ilchert, 63 F.3d 1501, 1510 (9th Cir.1995). However, the INS may rebut this presumption by proving, by a preponderance of the evidence, that conditions have changed in the applicant's country to such an extent that the applicant no longer has a well-founded fear of future persecution. See id. To show changed country conditions, the INS may rely on a State Department Country Report on Human Rights Practices. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995).
 
 
 6
 Here, the INS submitted the 1995 State Department Country Report on Nicaragua, which provides that the political and human rights situation in Nicaragua has changed dramatically since the Sandinistas lost the general elections in 1990. The Report states that the out-of-power Sandinistas do not have a policy of systematic repression of returnees and that tens of thousands of Nicaraguan exiles, including Contra collaborators such as Garcia, have returned to the country since 1990 and live there uneventfully. This evidence successfully rebutted any presumption that Garcia has a well-founded fear of future persecution.
 
 
 7
 Petitioners offered no evidence in response to the Report to support Garcia's belief that his life or freedom will be threatened by the Sandinistas when he returns to Nicaragua almost ten years after the date of his detention. Although Garcia did testify that the Sandinistas committed acts of violence against other members of his family, Garcia acknowledged that, since his departure in 1988, "[t]he only problem we've had is they haven't returned some properties."
 
 
 8
 Petitioners also contend the BIA erred by denying their applications for asylum on humanitarian grounds. We disagree. Although the BIA may grant asylum, even in the absence of a likelihood of future persecution, where the applicant has suffered "under atrocious forms of persecution," see Acewicz. 984 F.2d at 1062 (quoting Matter of Chen, Int. Dec. 3104, at 5 (BIA 1989)), we agree with the BIA that Garcia did not suffer "under atrocious forms of persecution." See id.[1]
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995)